**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**ALFA INSURANCE CORPORATION**                                    **PLAINTIFF**

**VERSUS**                                **CIVIL ACTION NO. 2:10cv141KS-MTP**

**PRAISE TABERNACLE
HOLINESS CHURCH**                                                **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion for Default Judgment **[#4]** filed on behalf of the plaintiff.  The court, having reviewed the motion, the supporting brief, the pleadings and exhibits on file and being advised that the defendant has failed to respond to the summons or this motion, nevertheless finds that the motion is not well taken and should be denied and this matter dismissed for lack of jurisdiction.  The court specifically finds as follows:

## FACTUAL BACKGROUND

The defendant, Praise Tabernacle Holiness Church ("PTHC") is currently located at 512 Oil Well Road, Ovett, Mississippi.  PTHC was insured by the plaintiff, Alfa Insurance Corporation ("Alfa") via a Church Insurance Policy prior to PTHC building the structure that is the subject of this declaratory action.  PTHC undertook the construction of a new facility and on September 15, 2008, it was issued a Builder's Risk Endorsement by Alfa while building this new structure.  This endorsement was in place

along with the Church Insurance Policy on the existing structure.  On January 8, 2009, following the completion of the new structure where PTHC is currently housed, the original structure was deleted from the insurance policy.  The new facility is the only structure now insured under the Alfa policy at issue.

During the course of construction, the Reverend Russell Barber, defendant's pastor, purchased one hundred sixty seven pieces of drywall manufactured in China ("Chinese drywall") from City Building Salvage in Laurel, Mississippi.  This drywall was incorporated into the new structure, with the exception of Reverend Barber's office. PTHC has supposedly suffered damages and losses[1] which it apparently claims were caused by the Chinese drywall including:

A. An odor of rotten eggs in the church, more prevalent in the foyer, bathrooms, and fellowship hall;

B. Pitted sink faucets in the men's and women's restrooms, with the pits being black in color;

C. Exposed copper ground wire and exposed copper ends of the hot and neutral wires in both men's and women's restrooms which are black in color;

D. In the sanctuary, all exposed copper ground wire and the exposed copper ends of the hot and neutral wires which are black;

E. Pits in the decorative lighting globes in the sanctuary;

F. Tarnished drum cymbals;

G. Pitted drum stands;

H. In the fellowship hall, all of the exposed copper ground wire and the

---

[1]  The court is not certain as to the nature of any allegation of loss or damage made by PTHC as there is no allegation in the Complaint that a formal claim has been filed by PTHC nor is there any allegation that PTHC has instituted litigation to collect such.

exposed copper ends of the hot and neutral wires which are black in color;

I. The exposed copper ends of the wires within the breaker panel in the fellowship hall which are black in color; and

J. Sound board used with electrical instruments which ceased to function as it should.

Alfa has filed the present motion asserting that based upon information supplied to Alfa, a substantial question of law is presented as to whether coverage is afforded the defendant under the Church Insurance Policy issued by Alfa to the defendant. Therefore, Alfa requests a determination by this court that there is no coverage for the defendant for the Chinese drywall installed in the defendant's property at 512 Oil Well Road, Ovett, Mississippi, or for any damage or loss allegedly caused by the Chinese drywall used in the construction of the defendant's property.  However, there are no allegations in the Complaint for Declaratory Relief that PTHC has filed a claim for damages or has instituted suit to recover for these alleged damages.  The lack of such an allegation is ultimately fatal to this action, as explained hereinafter.

Alfa's summons and complaint were served on The Reverend Russell Barber, PTHC's registered agent for service of process, on June 16, 2010, and the court file reflects a return of service of that date.  To date, no responsive pleading has been filed by the defendant, PTHC.  Accordingly, Alfa has filed its Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55.  FRCP 55(a) reads: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit, or otherwise, the clerk must enter the party's default."   A proper clerk's entry of default as been entered as the judgment sought is for affirmative relief and proof is before the court that the defendant has failed

to answer or otherwise respond to the plaintiff's complaint.  The plaintiff now contends that it is entitled to a default judgment.

FRCP 55(b) details the two ways that a default judgment can be obtained. In subsection (1) of FRCP 55(b), the clerk is empowered to enter a default judgment if the plaintiff's claim is for a sum certain.  Subsection (2) of FRCP 55(b) indicates that "[i]n all other cases, the party must apply to the court for a default judgment."  This is the method employed by the plaintiff in seeking the present default judgment.

Further, FRCP 55(b)(2) indicates that: "[t]he court may conduct hearings or make referrals . . . when . . . it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."  Thus, Alfa has presented an argument concerning the lack of coverage under Alfa's Church Insurance Policy or its Builder's Risk Endorsement for the alleged damages due to Chinese drywall to demonstrate that a default judgment should be entered for Alfa in this case.

However, before the court addresses the procedure for default, it must examine the basis of its jurisdiction.  As stated, this action is brought under 28 U.S.C. § 2201 for declaratory relief.  As such, the court would have jurisdiction pursuant to 28 U.S. C. § 1332(a) as this is a suit between citizens of diverse states and the amount in controversy exceeds the jurisdictional threshold of $75,000.00.  That does not end the jurisdictional inquiry, though.

When considering a declaratory judgment action, a district court must engage in a three-step inquiry.  *Orix Credit Alliance v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000). First, the court must determine whether the declaratory action is justiciable, *i.e.* whether

-4-

an actual controversy exists between the parties. *Id.* Second, if it has jurisdiction, the court must resolve whether it has the authority to grant declaratory relief in the case presented. *Id.* Third, the court has to determine how to exercise its broad discretion to decide or dismiss a declaratory action. *Id.*

The court's decision to entertain a declaratory judgment action pursuant to 28 U.S.C. § 2201 is discretionary. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942); *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983); *Employers' Liability Assur. Corp. v. Mitchell*, 211 F.2d 441, 443 (5th Cir. 1954). The Declaratory Judgment Act "created an opportunity, rather than a duty, to grant a new form of relief for qualifying litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). Consistent with *Brillhart*, abstention from a declaratory judgment action is ordinarily appropriate when the state offers an adequate alternative forum in which to resolve the particular dispute. *Southwind Aviation v. Bergen Aviation*, 23 F.3d 948, 950 (5th Cir. 1994).

A district court may not dismiss a request for declaratory judgment relief "on the basis of a whim or personal disinclination." *Hollis v. Itawamba County Loans*, 657 F.2d 746, 750 (5th Cir. 1981). Rather, when deciding whether to dismiss a declaratory complaint, the factors that should be considered include, but are not limited to: (1) whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under applicable substantive law, can better be settled in the proceeding pending in state court; (2) whether the claims of all parties in interest can satisfactorily be adjudicated in the state court proceeding; (3) whether necessary parties have been joined; and (4) whether such parties are amenable to process in that

proceeding.  *Brillhart*, 316 U.S. at 495.

The Supreme Court has held that where a state lawsuit pending in state court encompassed the same issues raised in a declaratory judgment action, the district court was within its discretion to dismiss the declaratory judgment action to avoid duplicative or parallel proceedings.  *Wilton*, 515 U.S. at 280-81, 290.  The Fifth Circuit has indicated that an additional relevant factor is whether the declaratory complaint was filed in anticipation of another suit and is being used for the purpose of forum shopping.  *Granite State Ins. Co. v. Tandy Corp.*, 986 F.2d 94, 96 (5th Cir. 1992); *Rowan Companies v. Griffin*, 876 F.2d 26, 29 (5th Cir. 1989).

The Fifth Circuit has expounded on the above factors and clarified them further.  *See St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994); and *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774 (5th Cir. 1993).  That court has indicated that the district court must consider these factors on the record before a discretionary, non-merits dismissal of a declaratory judgment action is appropriate.  *See id.*

More recently, the Fifth Circuit  in *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383 (5th Cir. 2003), itemized the seven factors from *Trejo* in considering the third prong of the *Orix* analysis, *i.e,*  whether to exercise its discretion to decide or dismiss a declaratory action.  Those nonexclusive factors are: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6)

whether retaining the lawsuit would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.  *Sherwin-Williams*, 343 F.3d at 38-89.

**Justiciable Controversy**

Alfa does not address this critical first prong of the *Orix* test, *i.e.*, the justiciability of the controversy.  In the declaratory judgment context, whether a particular dispute is ripe for adjudication turns on whether a substantial controversy of sufficient immediacy and reality exists between the parties having adverse legal interests.  *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d at 896.  "A Court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical.  The key considerations are 'the fitness of the issues for judicial decision and the hardship to the parties of withholding Court consideration."  *New Orleans Public Service, Inc. v. Council of New Orleans*, 833 F.2d 583, 586-587 (5th Cir. 1987).

There is no allegation in the Complaint that PTHC has filed a claim for damages or is pursuing litigation to collect damages for the alleged damages and losses caused by the Chinese drywall.  Indeed, Alfa merely states that "based upon information supplied to Alfa, a substantial question of law is presented as to whether coverage is afforded the defendant under the Church Insurance Policy issued by Alfa to the defendant."  There is no clarification as to what "information" has been supplied to Alfa to support the necessity of seeking preemptive declaratory relief.  "It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy

the threshold requirement imposed by Article III of the Constitution by alleging an actual

case or controversy."  *City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S.Ct. 1660,

75 L.Ed.2d 675 (1983) (citations omitted).  Such an allegation has not been pled in this

case, thus, the court is without jurisdiction to entertain this matter in the absence

thereof.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Default

Judgment **[#4]** filed on behalf of the plaintiff, Alfa Insurance Corporation, is denied and

this matter is dismissed without prejudice for lack of a justiciable controversy.

SO ORDERED AND ADJUDGED, this the 4th day of November, 2010.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE